UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE PASEKA,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                              /

Case No. 1:09-CV-1073

HON. GORDON J. QUIST

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff objects to the magistrate judge's Report and Recommendation, issued January 24, 2011, upholding the Commissioner's determination that Plaintiff is not entitled to disability insurance benefits. Having conducted a *de novo* review of the Report and Recommendation, Plaintiff's objections, and relevant portions of the record, the Court concludes that the Report and Recommendation should be adopted.

The magistrate judge concluded that the Administrative Law Judge (ALJ) articulated adequate reasons for rejecting the opinion of Plaintiff's treating psychologist, James Engelkes Ph.D., that Plaintiff was subject to work preclusive limitations. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (explaining that the ALJ must articulate "good reasons" for not crediting the opinion of a treating source). With his objections, Plaintiff does not attempt to reargue that Dr. Engelkes' opinion was entitled to controlling weight. Rather, he properly notes that, even when not according controlling weight, a treating physician's opinions are still entitled to great deference. *Rogers v. Comm'r of Soc. Sec.*. 486 F.3d 234, 242 (6th Cir. 2007). In determining the proper weight to give a treating physician's non-controlling opinion, the ALJ must "consider" the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of and evidentiary basis for

the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion. *Id.*; 20 CFR § 404.1527(d)(2)-(6). Plaintiff asserts that the ALJ erred in failing to specifically articulate how each of the aforementioned factors influenced the weight he ultimately chose to give Dr. Engelkes' opinion. The Court disagrees.

"[T]he ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers*, 486 F.3d at 242. Here, the ALJ made clear the weight he was giving Dr. Engelkes' opinion: "[t]he undersigned rejects these work preclusive limitations." (AR at 49.) As for his reasons, the ALJ noted that Dr. Engelkes' opinion was neither explained by reference to his own reports nor consistent with the record as a whole. The ALJ elaborated, and a review of the record confirms, that although medical records establish that Plaintiff has depression and personality disorder, they also indicate over and over that, with medication, he is stable and his prognosis is fair. In addition, he was able to work with depression and earn over sixty thousand dollars in 2005 and was working 21 hours per week moving pianos as of the ALJ's decision. Moreover, the ALJ noted, and a review of the record confirms, Dr. Engelkes had consistently assigned Plaintiff a Global Assessment of Functioning (GAF) score of 55, which is indicative of only moderate psychological limitations, and is not work preclusive. (AR at 46, 49.)

The Court finds that the ALJ adequately articulated his reasoning for rejecting Dr. Engelkes' opinion and that his decision was supported by substantial evidence. Although he did not explicitly address each of the factors set forth in 20 CFR § 404.1527(d), he did state that he had "considered opinion evidence in accordance with the requirements" of that provision, he expressly addressed both the supportability and consistency factors in detail, and he made clear the weight he ultimately

gave Dr. Engelkes' opinion. The Court finds this sufficient to satisfy the procedural requirements of 20 C.F.R.§ 404.1527(d). *See Ray v. Astrue*, No. 3:09-cv-275, 2010 WL 2650718, at *7 (E.D. Tenn. July 2, 2010) (finding that the ALJ did not err in focusing only on the supportability and consistency factors to decide that the treating physician's opinion was not entitled to controlling weight); *see also Wamsley v. Astrue*, No. 09-cv-02811-CMA, 2011 WL 334454, at *6 (D. Colo. Jan. 31, 2011) ("If a treating physician's opinion is not given controlling weight, the ALJ must 'give good reasons' and consider a list of regulatory factors. Though the ALJ must consider these factors, he need not discuss all of them."); *McCoy v. Astrue*, No. 4:09-cv-517-A, 2010 WL 5812954, at *4 (N.D. Tex. Dec. 16, 2010) (explaining that the ALJ must "'consider' each of the factors set forth in section 404.1527(d) and articulate good reasons for its decision to accept or reject the treating physician's opinion," but that he "need not recite each factor as a litany in every case"); *accord Bergner v. Astrue*, No. 3:09-cv-242, 2010 WL 2710591, at *4 (N.D. Ind. July 7, 2010).

The magistrate judge also concluded that the ALJ properly relied on the opinion of non-examining state agency physician, Jerry Csokasy Ph.D., who reviewed Plaintiff's medical record and opined that he "retains the ability to perform unskilled work in a sustained manner." (AR 205.) The ALJ adopted this opinion, finding it to be consistent with the record as a whole and explained by reference to the report itself. (AR 49.) With his objections, Plaintiff argues that the Dr. Csokasy's opinion should have been rejected because he did not clearly state his reasons. The Court disagrees.

In arriving at his opinion, Dr. Csokasy completed a Mental Residual Functional Capacity Assessment, which required him to designate Plaintiff's level of limitation in a number of stated categories. Thus, the resulting opinion is not unexplained. In any event, the ALJ found that, unlike Dr. Engelkes' opinion, the opinion of Dr. Csokasy was supported by and consistent with the record as a whole. Under these circumstances, substantial evidence supports the ALJ's decision and the Court rejects Plaintiff's claim of error. *See Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 851

3

(11th Cir. 2006) (upholding the ALJ's reliance on the opinions of non-examining state agency physicians which, unlike the opinion of the treating physician, were supported by and consistent with the record as a whole); *Davis v. Astrue*, No. 2:08CV631-SRW, 2010 WL 1381004, at *5 (M.D. Ala. Mar. 31, 2010) ("Because Dr. Eno's opinion is supported by and consistent with the record as a whole-unlike the opinion of plaintiff's treating sources-the ALJ properly assigned 'great weight' to her opinion in his evaluation of plaintiff's depression."); *Sensabaugh v. Astrue*, No. 3:08-cv-1209-J-MCR, 2009 WL 5171758, at *8 (M.D. Fla. Dec. 23, 2009) ("An ALJ may assign great weight to the opinions of non-examining physicians that are contrary to the opinions of a treating physician, provided the ALJ properly discounts the treating physician's opinion and the opinions of the non-examining physicians are well supported and consistent with the record as a whole."). Plaintiff raises no other objections. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 11) is **ADOPTED** as the Opinion of the Court. The Commissioner's decision is **AFFIRMED**.

This case is closed.

Dated: March 11, 2011 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE